UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE

| | |
|---|---|
| FLATIRON WEST, INC. | No. |
| Plaintiff, | |
| vs. | COMPLAINT |
| ASSICURAZIONI GENERALI S.P.A., | |
| Defendant. | JURY DEMAND |

Plaintiff Flatiron West, Inc. ("Flatiron" or "Plaintiff"), by way of its Complaint against Defendant Assicurazioni Generali S.P.A. a/k/a Assicurazioni Generali S.p.A. United States Branch States Branch a/k/a Generali US Branch ("Generali" or "Defendant"), states as follows:

### I.   INTRODUCTION

1.   This dispute arises out of an insurance claim on a construction project (the "Project") performed by Flatiron for the Wastewater Treatment Division of King County, Washington involving the upgrade of two pump stations (the Sunset Pump Station ("Sunset") and the Heathfield Pump Station ("Heathfield") along with a force main upgrade.

COMPLAINT – PAGE 1

GROFF MURPHY PLLC
300 East Pine
Seattle, Washington 98122
(206) 628-9500
Facsimile: (206) 628-9506

33413 013 fh23dj010m

2. Sunset and Heathfield, and related force main piping systems, send raw sewage from Sammamish, Issaquah, and Bellevue to be treated and reclaimed at King County's wastewater treatment plant in Renton, Washington.

3. During the construction phase of the Project, Flatiron incurred significant damages resulting from pump and motor resonance and vibration at Sunset and Heathfield.

4. In advance of the Project, Flatiron had in place two insurance Policies (defined below) issued by its insurer Generali, a Project-Specific Policy and a Master Policy of insurance for "All Risks".

5. Despite coverage for the losses incurred at Sunset and Heathfield under the Policies, Generali has refused to pay substantial amounts of the claim submitted under the Project-Specific Policy (defined below) and has instead paid only a small portion of claim submitted.

6. Generali has refused to negotiate on the claim under the Master Policy (defined below).

7. In failing to meet its contract obligations under the Project-Specific Policy and refusing to negotiate on the Master Policy, Generali has breached its contracts of insurance with Flatiron.

8. Flatiron is entitled to the full amount of its claims as damages for Generali's breach of contract and also damages available under Washington law where applicable.

## II.   PARTIES, JURISDICTION, AND VENUE

9. Flatiron is a Delaware corporation with its principal place of business located in Broomfield, Colorado.

10. Generali is a foreign corporation with its principal place of business located in Italy with operations in the United States located in New York, New York.

COMPLAINT – PAGE 2

GROFF MURPHY PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

33413 013 fh23dj010m

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because the parties are citizens of different states and the amount in controversy exceeds $75,000.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within King County, Washington, which is within this judicial district.

13. Venue is further proper in this Court because the governing insurance Policies contain venue provisions giving exclusive jurisdiction to this Court stating, respectively, that "each party agrees to submit to the exclusive jurisdiction of the Courts of the United States in the event of a dispute arising hereunder" (Project-Specific Policy at Choice of Law and Jurisdiction, p. 3) and "each party agrees to submit to the exclusive jurisdiction of the Courts of the country or State (as applicable) in which the loss occurrence takes place in the event of a dispute arising hereunder." (Master Policy at Choice of Law and Jurisdiction, p.6).

### III.     FACTUAL BACKGROUND

#### The Project

14. In 2018, Flatiron was awarded its bid to serve as the prime contractor on the Project.

15. Sunset and Heathfield, and related force main piping systems, send raw sewage from Sammamish, Issaquah, and Bellevue to be treated and reclaimed at King County's wastewater treatment plant in Renton, Washington. After 50 years of operation, these stations were reaching their operational limits. The goal of the Project was to upgrade the Sunset and Heathfield pump stations and the connected force main pipe to address population growth.

16. As part of its work on this Project, Flatiron obtained certain insurance to address risks during construction.

COMPLAINT – PAGE 3

GROFF MURPHY PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

33413 013 fh23dj010m

**The Generali Policies**

17. Generali is a global insurer and provider of, among other things, construction insurance policies that are often generically described in the construction industry as Builder's Risk Insurance. Generally speaking, Builder's Risk insurance provides, among other things, first party coverage to general contractors for certain losses encountered during construction projects. Generali markets policies that serve this function as Generali Construction "All Risks" insurance.

18. Flatiron is a subsidiary of Flatiron Constructors, Inc. which is a subsidiary of Flatiron Construction Corp.

19. Flatiron Construction Corp. is a subsidiary of Flatiron Holdings, Inc. which is a subsidiary of Hochtief USA, Inc.

20. Hotchtief USA, Inc. is a subsidiary of HOCHTIEF Americas GmbH which is a subsidiary of HOCHTIEF A.G., one of the world's largest international construction service providers.

21. HOCHTIEF, through its entity Hochtief Aktiengeselischaft, obtained a "Construction All Risks Contractors Plant & Equipment Existing Policy" (the "Master Policy")

22. The Master Policy contains confidential business terms and is already in the possession of Generali and, accordingly, has not been attached as an Exhibit. A copy can be filed under seal at the request of the Court or any party.

23. The Master Policy had an initial term of June 1, 2015 through May 31, 2017, and it was extended from time to time by the Parties including at all times relevant to this dispute.

24. The Master Policy listed certain Additional Insureds. Among those Additional Insureds listed under the Master Policy were "HOCHTIEF A.G. (and/or Sub-Groups and/or Subsidiaries thereof) including but not limited to Flatiron Construction Corporation . . .)."

COMPLAINT – PAGE 4

GROFF MURPHY PLLC
300 East Pine
Seattle, Washington 98122
(206) 628-9500
Facsimile: (206) 628-9506

33413 013 fh23dj010m

25. Flatiron was an additional insured under the Master Policy.

26. Among other things, the Master Policy provided for "Difference in Conditions/Security Coverage" which provided "Cover hereon to be in respect of the difference in terms and conditions between this Contract of Insurance the local policy issued by the local insurer." (Master Policy, p. 10).

27. The local policy refers to project-specific policies frequently obtained on large construction projects, ordinarily required by Project Owners, which Generali and other insurers offer in certain markets.

28. The Master Policy further provides that "This Contract of Insurance is also to indemnify the Insured for any claim (considered valid by Insurers hereon) (i) not paid under the local policy …" (*Id.*)

29. The Master Policy further provides that the Insured is to "pursue settlement under the local policy as if this Contract of Insurance did not exist." (*Id.*)

30. To the extent required under the Master Policy, the Insured disclosed the Project to Generali.

31. As a condition for bidding on the Project, Flatiron was required to obtain certain project-specific insurance.

32. To meet this requirement, Flatiron ultimately purchased from Generali a Construction "All Risks" Insurance Policy, effective April 17, 2017 through December 19, 2020, subject to extension as agreed to by the Parties, policy number CAR700095 (the "Project-Specific Policy" and together with the Master Policy, the "Policies").

GROFF MURPHY PLLC
300 East Pine
Seattle, Washington 98122
(206) 628-9500
Facsimile: (206) 628-9506

33413 013 fh23dj010m

33. The Project-Specific Policy contains confidential business terms and is already in the possession of Generali and, accordingly, has not been attached as an exhibit. A copy can be filed under seal at the request of the Court or any party.

34. The Project-Specific Policy provided for certain "All Risks" coverage.

35. The Policies are substantially identical in terms of structure and many of the defined terms.

36. In other key respects, including in ones relevant to this litigation, the Master Policy provided coverage that was more expansive and covered broader risks that the Project-Specific Policy.

37. When the Project-Specific Policy was underwritten and proposed, Generali was aware of the existence of its Master Policy and, accordingly, offered narrower coverage on better terms because it could avoid the need to duplicate coverage already available to Flatiron under the Master Policy.

38. As ultimately underwritten, the Policies served as two layers of coverage provided by Generali for Flatiron on this Project, with the Project-Specific Policy providing primary coverage and the Master Policy providing secondary coverage and addressing additional risks.

**Flatiron Provided Generali Notice of the Claims as to both Policies but Generali Refuses Consider the Master Policy**

39. Commencing in late 2019 and early 2020, Flatiron observed vibration and unexpected resonance frequency levels with regard to Raw Sewage Pumps ("RSP") on the Project. Flatiron immediately began investigating the cause of these issues. Ultimately, all eight pumping units at Sunset and Heathfield encountered similar problems.

COMPLAINT – PAGE 6

GROFF MURPHY PLLC
300 East Pine
Seattle, Washington 98122
(206) 628-9500
Facsimile: (206) 628-9506

33413 013 fh23dj010m

40. In April 2020, Flatiron observed excessive wear to the internal components of the pumping units

41. On June 3, 2020, Flatiron instructed its insurance broker, Turner Safety and Insurance Brokerage ("TSIP"), to notify Gemma Tait of Willis Towers Watson, the outside insurance broker, to submit a claim, which was ultimately forwarded to Generali. (See June 4, 202 Email, attached as **Exhibit 1**).

42. In this communication, Flatiron's representative expressly stated "Last, I would like to confirm that Flatiron is requesting full program coverage provided under the Master Policy." (*Id.*)

43. Generali retained Advanta to adjust the claim. Advanta actively investigated the vibration issues and approved Flatiron's remediation efforts and has done so since the claim was submitted.

44. Advanta ultimately adjusted the Claim under the Project-Specific Policy.

45. Generali denied most of the Claim under the Project-Specific Policy claiming that certain coverage was not provided for under the Project-Specific Policy.

46. Generali's refusal to pay portions of the Claim under the Project-Specific Policy was wrongful and in breach of contract.

47. Moreover, Advanta's adjustment of the claim has been solely under the Project-Specific Policy, ignoring completely the Master Policy in its analysis.

48. Ultimately, significant portions of Flatiron's claim were rejected without consideration of the Master Policy.

49. On August 26, 2021, Generali sent Flatiron a Reservation of Rights letter acknowledging receipt of the Claim, but denying coverage under the Master Policy including on

COMPLAINT – PAGE 7

GROFF MURPHY PLLC
300 East Pine
Seattle, Washington 98122
(206) 628-9500
Facsimile: (206) 628-9506

33413 013 fh23dj010m

the basis that the Claim should have been transmitted through a different risk management provider named Hochtief Insurance Broking and Risk Management Solutions ("HIBRAMS") notwithstanding the fact that Generali had received actual notice of the claim from its additional insured.

50. Generali's refusal to consider the Master Policy was wrongful because, among other reasons:

   a. the Master Policy provides that "Nothing in this Contract shall be construed as a condition precedent or a warranty unless it is expressly stated as such in the Contract." (Master Policy, p. 6).

   b. Flatiron is a known authorized agent of HIBRAMS and the submission was sent on its behalf as an additional insured.

   c. Generali underwrote the Project-Specific Policy with the expectation that certain coverage could be excluded because of the availability of the Master Policy.

   d. HIBRAMS notified Generali of the Project in writing in disclosures for the purpose of confirming that Master Policy coverage was available.

   e. Generali had actual notice of the Master Policy and Flatiron's status as an additional insured and its applicability at the time it was adjusting the Claim.

   f. Generali accepted premiums to include Flatiron as an additional insured on the Master Policy but nonetheless acted as though coverage was unavailable.

51. Generali disregarded relevant coverage that it agreed to provide under the Master Policy following its refusal to consider Flatiron's demand.

52. For example, the Master Policy expressly provides coverage for "Idle/Standby Costs" including losses which "arise out of the inability to utilize labour and/or materials and/or construction plant and equipment (whether in whole or in part) following an indemnifiable claim under Section I of this Contract."

COMPLAINT – PAGE 8

GROFF MURPHY PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

33413 013 fh23dj010m

53. As a result of the physical damage to the pumps and the remediation efforts addressing it, significant equipment and certain labor was essentially sidelined, causing additional loss.

54. After raising this issue with Generali, Generali has continued to refuse to negotiate with Flatiron on any issues involving the Master Policy because, among other things, the claims on the Project-Specific Policy remain open.

### Generali Takes a Company-Wide Approach on Dealing with Claims

55. Commencing in 2022, Generali has notified Flatiron that it will not further negotiate any outstanding claims pending under this Project-Specific Policy, other similar project-specific policies, or under the Master Policy.

56. Such a decision is not based on the merits of any particular claim, but instead on a company-wide decision to dissuade Flatiron from pursuing claims.

### Generali's Conduct Constitutes the Unfair Handling of Claims

57. Generali engaged in numerous unfair claims handling practices as it relates to the submissions under the Policies including widespread violations of the Washington Administrative Code at section 284-30-330. These include, but are not limited to:

   a. Misrepresenting pertinent facts or insurance policy provisions.

   b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

   c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

   d. Refusing to pay claims without conducting a reasonable investigation.

   e. Failing to affirm or deny coverage of claims within a reasonable time after fully completed proof of loss documentation has been submitted.

COMPLAINT – PAGE 9

GROFF MURPHY PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

33413 013 fh23dj010m

f.  Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.

g.  Compelling a first party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings.

h.  Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage, in order to influence settlements under other portions of the insurance policy coverage.

i.  Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

### IV.   LEGAL CLAIMS

### COUNT ONE – BREACH OF INSURANCE CONTRACT

58.  Flatiron incorporates the foregoing paragraphs as if fully rewritten here.

59.  Flatiron paid the premium for the Project-Specific Policy;

60.  Hochief Aktiengeselischaft, or its agent, has paid the premium for the Master Policy;

61.  The Project-Specific Policy is a valid contract between Flatiron and Generali.

62.  Flatiron is an intended beneficiary or otherwise an additional insured under the Master Policy.

63.  Under the Master Policy and the Project-Specific Policy, Flatiron is entitled to coverage for the Claim.

64.  Flatiron has satisfied all pre-conditions to filing suit on the Policies.

65.  Generali breached the Policies when it refused to pay out on the Claims.

66.  Generali's breach has directly and proximately caused Flatiron harm for which Flatiron is entitled to damages.

COMPLAINT – PAGE 10

GROFF MURPHY PLLC
300 East Pine
Seattle, Washington 98122
(206) 628-9500
Facsimile: (206) 628-9506

33413 013 fh23dj010m

67. As a result of Generali's breach of the Policies, Flatiron has suffered damages exceeding $6 Million, including, but not limited to, the amount of the unpaid claim.

68. Flatiron's investigation continues and it expressly reserves the right to amend its Complaint.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Flatiron prays this Court grants the following relief:

1. Judgment against Generali on the causes of action set forth above;
2. Damages in the amount in excess of $6 Million;
3. actual and statutory litigation costs, including expert witness fees;
4. Attorney fees and costs;
5. Pre- and post-judgment interest, to the extent permitted by law;
6. All other remedies provided for under Washington law; and
7. Such further relief as the Court deems necessary and proper.

DATED this 25th day of August, 2022.

Respectfully submitted,

GROFF MURPHY PLLC

*s/ Michael P. Grace*
Michael P. Grace, WSBA #26091
Emily A. Yoshiwara, WSBA #54648
300 East Pine Street
Seattle, WA 98122
T: (206) 628-9500/Fx. (206) 628-9506
Email: mgrace@groffmurphy.com
Email: eyoshiwara@groffmurphy.com

COMPLAINT – PAGE 11

GROFF MURPHY PLLC
300 East Pine
Seattle, Washington 98122
(206) 628-9500
Facsimile: (206) 628-9506

33413 013 fh23dj010m

Jeffrey A. Brauer (*Pro Hac Vice to be Filed*)
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone: (216) 274-2371
Email: jabrauer@hahnlaw.com

Elisé K. Yarnell *(Pro Hac Vice to be Filed)*
Hahn Loeser & Parks LLP
65 East State Street, Suite 1400
Columbus, OH 43215
Telephone: (614) 233-5196
Email: eyarnell@hahnlaw.com

*Attorneys for Plaintiff Flatiron West, Inc.*

COMPLAINT – PAGE 12

GROFF MURPHY PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

33413 013 fh23dj010m